UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :

ALEKSANDR SOKOLOV,                                       :

                                                              :            13 Civ. 0947 (PAE)

                                   Petitioner,        :

                                                              :            OPINION & ORDER

                      -v-                                            :

                                                              :

ERIC HOLDER, JR., JANET NAPOLITANO,           :
CHRISTOPHER SHANAHAN, and ROBERT BIGOTT,  :

                                                              :

                                   Respondents.     :

------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Petitioner Aleksandr Sokolov ("Sokolov"), proceeding *pro se*, brings this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Sokolov's petition seeks his immediate release from the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), and challenges, on constitutional and statutory grounds, the length of his detention following the issuance of a final order of removal from the United States as to him. Respondents Eric Holder, Jr. (the United States Attorney General), Janet Napolitano (Secretary of the Department of Homeland Security), Christopher Shanahan (acting Assistant Director for field operations for ICE), and Robert Bigott (the Warden of the Bergen County Jail) (collectively, "respondents") oppose Sokolov's petition. They argue that, because Sokolov was released from detention after he filed the petition, his petition should be dismissed as moot. In the alternative, they argue that the petition should be transferred to the District of New Jersey, where Sokolov was previously detained.

       For the reasons that follow, the Court dismisses Sokolov's petition as moot.

I.      **Background and Procedural History**

On February 24, 2012, Sokolov, a native and citizen of Russia, was ordered removed from the United States. *See* Petition ("Pet.") (Dkt. 1) ¶¶ 8–9; Return to Habeas Petition ("Ret.") (Dkt. 7) ¶ 1. On March 3, 2012, Sokolov's petition states, he "was arrested in Brooklyn, NY for criminal possession of [a] controlled substance in the 7th degree and petit larceny in the 4th degree." Pet. ¶ 9; *see also* Pet. Ex. 2. On July 17, 2012, after having been released from criminal custody, Sokolov was taken into ICE custody. Pet. ¶ 10; Ret. ¶ 2.

While Sokolov was detained in ICE custody, ICE (with Sokolov's cooperation) attempted to obtain the travel documents necessary for him to be repatriated to Russia. Pet. ¶ 13; Ret. ¶ 3. By all accounts, such efforts were unsuccessful. Pet. ¶ 13; Ret. ¶ 5. On October 11, 2012, ICE informed Sokolov by letter that his custody status had been reviewed and that he would not be released from custody at that time. Pet. Ex. 2; *see also id.* ¶ 11. That letter stated that "ICE [was] working closely with the Consulate General of Russia to procure a travel document for [Sokolov's] removal." Pet. Ex. 2. On January 18, 2013, Sokolov received another letter informing him that his status had once again been reviewed, and that he would remain in ICE custody, because his "removal to Russia [was] expected to occur in the reasonably foreseeable future." Pet. Ex. 3; *see also id.* ¶ 13.

On February 7, 2013, Sokolov filed the instant petition. Dkt. 1. On March 12, 2013, the case was assigned to this Court. Dkt. 4. On March 14, 2013, the Court issued an order directing the United States Attorney for the Southern District of New York to answer the petition within 60 days, and Sokolov to submit any reply papers within 30 days from the date he received respondents' answer. Dkt. 6.

On May 7, 2013, respondents filed a return to the habeas petition, pursuant to 28 U.S.C. § 2243, and a memorandum of law opposing the petition. Dkt. 7–8. Respondents included with those documents a "Release Notification" that indicates that, since Sokolov filed his petition, he has been released from ICE custody on an Order of Supervision. *See* Ret. Ex. A. The respondents represent that Sokolov was released based upon ICE's determination on March 8, 2013 "that it was unlikely to obtain a travel document to remove Sokolov in the reasonably foreseeable future." Ret. ¶ 5.

The Court has received no reply papers from Sokolov.

## II.    Discussion

Sokolov argued in his petition that his detention violated his constitutional due process rights and 8 U.S.C. § 1231. In *Zadvydas v. Davis*, the Supreme Court held that that statute—which authorizes the Attorney General to detain an alien ordered removed beyond the usual 90-day statutory "removal period" in certain situations—contains an implicit "reasonable time" limitation, and that continued detention becomes unreasonable when "removal is not reasonably foreseeable." 533 U.S. 678, 682, 699–700 (2001). The Court in *Zadvydas* stated that six months was a presumptively reasonable detention period in such cases; after six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. At the time Sokolov filed his petition, he had been detained for close to seven months.

Respondents argue that, because of Sokolov's subsequent release from ICE custody, his petition, which seeks that very release, is now moot. On this ground, they argue, the Court should dismiss the petition.

A court's "lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964); *see also DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam); *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 139–40 (2d Cir. 1994). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citations omitted).

Courts in this Circuit have held that a petitioner's release from custody generally moots a habeas petition challenging that custody. *See, e.g.*, *Pierrilus v. U.S. Immigration & Customs Enforcement*, 293 F. App'x 78, 79 (2d Cir. 2008) (summary order) ("[P]etitioner's challenge to the length of his detention is moot as a result of his release from DHS custody. Under 28 U.S.C. § 2241, . . . we retain jurisdiction so long as the petitioner is in custody." (citation omitted)); *Edwards v. Ashcroft*, 126 F. App'x 4, 4 (2d Cir. 2005) (summary order) ("[Petitioner]'s release renders the issues presented in this appeal moot, and[] we must dismiss his appeal."); *Masoud v. Filip*, No. 08–CV–6345–CJS–VEB, 2009 WL 223006, at *6 (W.D.N.Y. Jan. 27, 2009) (Report & Recommendation) ("When a habeas petitioner has been released from custody after filing a petition, the petition may be moot."); *Baptiste v. I.N.S.*, No. 06-CV-0615 (NG), 2006 WL 3050884, at *2 (E.D.N.Y. Oct. 23, 2006) (collecting cases in which courts have held habeas petitions moot upon petitioner's release from custody); *Sayavong v. McElroy*, No. 00 Civ. 0922 (WHP)(FM), 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003) (Report & Recommendation); *Johnson v. Reno*, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody.").

However, where a petitioner can demonstrate "collateral consequences adequate to meet Article III's injury-in-fact requirement," *Spencer v. Kemna*, 523 U.S. 1, 14 (1998), a petition may survive the petitioner's release from custody. *See, e.g.*, *Masoud*, 2009 WL 223006, at *5; *Baptiste*, 2006 WL 3050884, at *1; *Sayavong*, 2003 WL 470576, at *3; *Ramirez v. I.N.S.*, 86 F. Supp. 2d 301, 303 (S.D.N.Y. 2000) (Report & Recommendation). But the Court may not presume such consequences; the petitioner bears the "burden of demonstrating some 'concrete and continuing injury' sufficient to create an Article III case or controversy." *Ramirez*, 86 F. Supp. 2d at 304 (quoting *United States v. Mercurris*, 192 F.3d 290, 294–95 (2d Cir. 1999)).

Here, Sokolov's petition seeks only release from custody "under reasonable conditions of supervision."[1] Pet., Prayer for Relief. The petition does not allege, let alone demonstrate, any collateral consequences, nor seek any relief other than release from custody. It follows that Sokolov's release from custody, which granted him all the relief his petition sought, renders his petition moot. *See Masoud*, 2009 WL 223006, at *6 ("Because the only relief [petitioner] sought from this Court was release from DHS custody, his habeas petition became moot upon his release under an order of supervision, which terminated his custodial detention."); *Sayavong*, 2003 WL 470576, at *3 ("[T]he only relief sought by Sayavong's petition has previously been granted by the INS. It follows that Sayavong's petition is moot."); *Baptiste*, 2006 WL 3050884, at *2 ("[P]etitioner in the case at hand was challenging only the lawfulness of her detention. Further, it is hard to imagine any possible 'collateral consequences' of petitioner's detention. She has not indicated any such consequences to the court. Thus, as a result of her release, petitioner's application for relief is moot."); *Jiang Xue Qiang v. I.N.S.*, No. 05-CV-1878 (SLT),

---

[1] Sokolov's petition also requests that the Court "[o]rder respondents to refrain from transferring the Petitioner out of the jurisdiction of the ICE New York District Director during the pendency of these proceedings and while the Petitioner remains in Respondent's custody." Pet., Prayer for Relief.

2006 WL 1026710, at *2 (E.D.N.Y. Apr. 12, 2006) ("The documents appended to the government's response conclusively establish that the Petition is moot because petitioner has already been granted the supervised release he seeks in his petition.").

The fact that Sokolov was released subject to an Order of Supervision that imposes some restrictions on him does not create a live case or controversy. Quite the contrary: Sokolov's petition sought his release "under reasonable conditions of supervision," and he has not challenged the conditions of his release. Nor, under ordinary circumstances, would any such challenge be viable: *Zadvydas* itself emphasized that "if removal is not reasonably foreseeable, the habeas court should hold continued detention unreasonable and no longer authorized by statute. *In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances*, and the alien may no doubt be returned to custody upon a violation of those conditions." *Zadvydas*, 533 U.S. at 699–700 (emphasis added); *see also Yusov v. Shaughnessy*, 671 F. Supp. 2d 523, 528 (S.D.N.Y. 2009) ("[I]f detention is no longer constitutional because the likelihood of removal is too remote, the proper alternative is supervision."); *Mahmoud v. Cangemi*, No. Civ. 05-900 (DWF/FLN), 2006 WL 1174214, at *3 (D. Minn. May 1, 2006) (Report & Recommendation) ("The Court in *Zadvydas* explicitly envisioned that the alien's release would be conditional."); *cf. Kalombo v. Shanahan*, No. 07 Civ. 11350 (PKC), 2009 WL 1788589, at *5 (S.D.N.Y. June 23, 2009) ("there is no inherent temporal limitation on an order of supervision" imposed upon an alien's release from custody where removal was not reasonably foreseeable). Of course, were Sokolov to bring specific challenges to the conditions of his release, a case or controversy might lie, whatever its merits. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1118 (9th Cir. 2009) ("The strict limitations on

Petitioner's freedom . . . provide an additional reason why his case presents a live controversy."). But he has brought no such challenge here.

Nor is Sokolov's petition rendered live by the possibility that Sokolov might be returned to custody in the future. Any future detention based on a violation of the Order of Supervision would not be a "collateral consequence" of the detention challenged in the petition, but of Sokolov's final order of removal, which he does not contest here. *See Leybinsky v. U.S. Immigration & Customs Enforcement*, No. 10 Civ. 5137 (RA), 2013 WL 132544, at *5 n.5 (S.D.N.Y. Jan. 8, 2013).

The Court, finally, considers the exception to the mootness doctrine for situations where a case is "capable of repetition, yet evading review," *see DeFunis*, 416 U.S. at 318–19 (quoting *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911)). A case is characterized as such when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

One court in this Circuit has recently considered whether the broad discretion granted to ICE to re-detain aliens after they have violated the provisions of their release makes that action, when challenged, "capable of repetition, yet evading review." In *Leybinsky*, the court held, adopting the Ninth Circuit's analysis in *Rodriguez v. Hayes*, 591 F.3d 1005 (9th Cir. 2010), that a habeas petition was not rendered moot by the petitioner's release from custody, because the petitioner "risk[ed] being re-detained by ICE not solely for any future violation of his order of supervision but in 'any other circumstance' where, in an ICE official's opinion, release 'would no longer be appropriate.'" *Leybinsky*, 2013 WL 132544, at *7 (quoting 8 C.F.R. § 241.4(1)(2)).

This case, however, does not present that circumstance. Sokolov has not challenged his "re-detention" pursuant to 8 C.F.R. § 241.4, or, for that matter, respondents' original act of detaining him. Nor does the petition claim a likelihood of future detention based on violations of terms of supervision or "any other circumstance"; it does not address that scenario. Sokolov's petition, relying on *Zadvydas*' "reasonable time" limitation, instead challenged only the length of his initial detention given that, after a certain point, there was no "significant likelihood of removal in the reasonably foreseeable future." Also significant, in *Leybinsky*, as in *Rodriguez*, the petitioner sought prospective relief "in the form of an order preventing ICE from detaining him in the future" unless certain showings were made. *Id.* at *2. Sokolov does not seek such relief and has not argued that there is a "reasonable expectation" that he will be subjected to the same action again.

Because the relief Sokolov sought was obtained in full by virtue of his release, his petition is now moot.[2]

## CONCLUSION

For the reasons stated, Sokolov's habeas petition is dismissed as moot. The Clerk of Court is directed to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] In light of this holding, the Court has no occasion to address respondents' argument that, if not held moot, Sokolov's petition should be transferred to the United States District Court for the District of New Jersey.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 13, 2013
      New York, New York